UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George E. Clark, Jr., | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| Asset Acceptance, LLC, | ) | **DEMANDED** |
| Chase Bank USA, N.A., | ) | |
| World Financial Network | ) | |
| National Bank, and GE Capital, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.    This is an action brought by the Plaintiff, George E. Clark, Jr., for actual and statutory

damages, attorney's fees, and costs for Defendants violations of the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA") as well as Defendant

Asset Acceptance, LLC's violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq*. and Defendants', JPMorgan Chase Bank f/k/a Chase Manhattan

Bank, World Financial Network Bank and GE Capital's, violations of South

Carolina common law.

### JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332, and

§1367.

3.    Venue is proper in the Florence Division because the Plaintiff resides in Darlington

County and the Defendants transacted business in this division.

## PARTIES

4.   The Plaintiff, George E. Clark, Jr., is a resident and citizen of the State of South Carolina, Darlington County, and is over the age of twenty-one (21) years.

5.   Defendant Asset Acceptance, LLC ("Asset") is a Delaware corporation.  Defendant Asset may be served with process through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Defendant Asset was in all respects and at all times relevant herein doing business in the state of South Carolina. Defendant Asset is a debt collector as defined by 15 U.S.C. 1692a.

6.   Defendant Chase Bank USA, N.A. ("Chase") is a National Chartered bank and is registered in Delaware.  Defendant can be served through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St.,Wilmington, DE 19801. Defendant Chase was in all respects and at all times relevant herein doing business in the state of South Carolina.

7.   Defendant World Financial Network National Bank ("WFNNB") is believed to be a national bank and may be served with process through its President of Retail Credit Services, Ivan M. Szeftel, and at its principal place of business, 3100 Easton Square Place, Columbus, OH 43219. Defendant WFNNB was in all respects and at all times relevant herein doing business in the state of South Carolina.

8.    Defendant GE Capital ("GE") may be served with process through its Chairman and
      CEO, Michael A. Neal, and at its principal place of business, 260 Long Ridge Rd.,
      Stamford, CT 06927. Defendant GE was in all respects and at all times relevant herein
      doing business in the state of South Carolina.

## FACTUAL ALLEGATIONS

9.    On or about August, 2010, the Plaintiff became aware of certain incorrect information
      being reported to his credit report by the Defendants. Upon learning of the inaccurate
      reporting, the Plaintiff sent disputes to the three credit reporting agencies. On or about
      August 19, 2010, Experian received the dispute letter sent by the Plaintiff. On or
      about August 19, 2010, Equifax received the dispute letter sent by the Plaintiff. On
      or about August 18, 2010, Trans Union received the dispute letter sent by the Plaintiff.

10.   On or about August 16, 2010, the Plaintiff sent disputes directly to Defendants Asset,
      Chase and WFNNB relating to the incorrect reporting of accounts to the Plaintiff's
      credit report.  Specifically, the Plaintiff stated that he did not open the accounts in
      question, he requested a copy of the application used in the opening of said accounts,
      and he requested that each entity stop reporting said accounts to his credit. Said
      disputes were received on or about August 19, 2010. The incorrectly reported Asset
      Acceptance accounts in question had partial account numbers 3705 ("3705 account"),
      3371 ("3371 account") and 3129 ("3129 account"). The 3705 account was allegedly
      opened with Defendant WFNNB. The 3371 account was allegedly opened with Chase

Manhattan Bank and the 3129 account was allegedly opened with GE Capital. The Plaintiff also disputed a Chase account with Experian and Equifax. This Chase account had an account number beginning 5140 and was the same account that was allegedly sold, transferred or otherwise assigned to Defendant Asset and is the 3371 account being incorrectly reported by Defendant Asset.

11.    The Plaintiff also disputed a negative tradeline being reported by Defendant WFNNB as WFNNB/Newport News with Equifax and Experian. The negative tradeline being reported by Defendant WFNNB was on an account with an account number beginning 5856. Upon information and belief, this is the account that was allegedly sold, transferred or otherwise assigned to Defendant Asset and reported by Defendant Asset as the 3705 account.

12.    The Plaintiff also disputed the negative tradeline reported by Defendant GE. Upon information and belief, this is the account that was allegedly sold, transferred or otherwise assigned to Defendant Asset and reported by Defendant Asset as the 3129 account.

13.    On or about September 9, 2010, the Plaintiff received the results of Experian's investigation. Defendant Asset continued to report the three negative Asset Acceptance tradelines. In the comments to each Asset tradeline, Experian indicated that the tradeline had been verified by Defendant Asset in September, 2010.

14.    Defendant Chase also continued to report a negative tradeline to the Plaintiff's credit

report. In the comments to the Chase tradeline, Experian indicated that the tradeline had been verified by Chase in August, 2010.

15.    Defendant WFNNB continued to report a negative tradeline to the Plaintiff's credit, the account number on said tradeline beginning with 5856. In the comments to the WFNNB negative tradeline, Experian indicated that the tradeline had been verified by WFNNB in August, 2010.

16.    Defendant GE also continued to report a negative tradeline to the Plaintiff's credit.

17.    On or about December 8, 2010, the Plaintiff received a copy of his Trans Union credit report wherein the three disputed Asset accounts continued to be reported as belonging to the Plaintiff. In each of the Asset negative tradelines, Trans Union indicated that the account information had been updated in November, 2010. The Plaintiff's credit report also continued to include the disputed Chase tradeline with account number beginning with 5140. In the comments section, Trans Union indicated that the Chase account information had been disputed by the consumer. Defendant WFNNB also continued to report a negative tradeline as belonging to the Plaintiff.

18.    On or about December 27, 2010, the Plaintiff sent a second dispute letter directly to Defendant Asset via certified mail. The return receipt indicates that said letter was received by Defendant Asset on December 31, 2010.

19.    On or about February 28, 2011, the Plaintiff sent another dispute to Trans Union. In his dispute, the Plaintiff stated that the 3129 account, the 3371 account and the 3705

account were fraudulent accounts that were opened after the Plaintiff's identity was stolen. The Plaintiff also stated that the Chase Bank USA NA account with account number beginning 5140 was a fraudulent account which was opened after the Plaintiff's identity had been stolen.

20.    On or about March 7, 2011, the Plaintiff received the partial results of Trans Union's investigation indicating that the three disputed Asset accounts remained on the Plaintiff's credit. The 3129 and 3705 account tradelines indicated that each negative tradeline had been disputed by the consumer and updated in February, 2011. The 3371 account tradeline indicated that it had been disputed by the consumer and updated in January, 2011. Additionally, the Plaintiff's Trans Union credit report continued to report a negative Chase tradeline with account number beginning 5140.

21.    On or about March 12, 2011, the Plaintiff received correspondence from Defendant Asset regarding the 3371 account. In said correspondence, and in spite of the fact that Defendant Asset knew, or should have known, that the accounts in question were opened after the Plaintiff's identity had been stolen and that the Plaintiff had alleged that said accounts were opened fraudulently, Defendant Asset simply provided a print-out of the Plaintiff's name, address and last four digits of his social security number as "validation" of the account. Said correspondence also listed that the original account was a Chase Manhattan Bank account with account number beginning 5140.

22.    On or about March 30, 2011, Trans Union sent the Plaintiff the remaining results of

its investigation into the Plaintiff's February 28, 2011 dispute. Defendant Asset continued to report the 3371 account to the Plaintiff's Trans Union credit report. While this negative tradeline indicated that the account information was disputed by the consumer, it also stated that it had been verified in March, 2011. Additionally, Defendant Chase verified the negative tradeline with account number beginning 5140 and it remained on the Plaintiff's credit report.

23.     On or about April 1, 2011, the Plaintiff received another Experian credit report. In this report, Defendant Asset continued to report the 3371 and 3375 accounts to the Plaintiff's credit. These negative tradelines indicated that Defendant Asset had verified the tradelines in September, 2011. Additionally, Defendant Chase continued to report a negative tradeline with account number beginning 5140. Said account indicated it was verified in August, 2010.

24.     On or about April 11, 2011, the Plaintiff received another Trans Union credit report. In this report, Defendant Asset continued to report the 3371 account negative tradeline to the Plaintiff's credit, this time showing that the information had been updated in April, 2011.

25.     On or about May 10, 2011, the Plaintiff sent yet another dispute to Trans Union in which he disputed the reporting of the 3371 account. The Plaintiff once again stated that it was not his account and that he had never done business with the Defendant or the Defendant's alleged predecessor-in-interest. The Plaintiff also disputed the

reporting of the Chase Bank account with account number beginning 5140, stating that this was not his account and that he had never had a Chase card.

26. On or about June 24, 2011, after almost a full year of disputes, the Plaintiff's Trans Union credit report no longer contained the disputed Asset or Chase accounts.

27. On or about August 5, 2011, the Plaintiff sent another dispute to Experian regarding the negative tradelines being reported by Defendants Asset, Chase and GE to his credit report.

28. On or about August 17, 2011, the Plaintiff received the results of Experian's alleged investigation, which showed that the 3371 account and the 3705 account remained on the Plaintiff's credit. The disputed Chase account also remained on the Plaintiff's credit.

## COUNT ONE
Fair Credit Reporting Act

29. The Plaintiff adopts the averments and allegations of paragraphs 9 through 28 hereinbefore as if fully set forth herein.

30. Defendants negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendants had provided to a consumer reporting agency.

31. Defendants negligently violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

32. Defendants negligently violated 15 U.S.C. §1681s-2(b) by failing to conduct an

investigation as to the accuracy of the information reported by Defendants to a consumer reporting agency.

33.  Defendants negligently violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

34.  Defendants negligently violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendants' account was inaccurate, incomplete, false, and misleading.

35.  As a result of Defendants' acts and omissions, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered damage to his credit reputation, mental anxiety, physical sickness, emotional suffering, worry, humiliation and mental distress. In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

## COUNT TWO
Fair Credit Reporting Act

36.  The Plaintiff adopts the averments and allegations of paragraphs 9 through 35 hereinbefore as if fully set forth herein.

37.  Defendants willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendants had provided to a consumer reporting agency.

38.   Defendants willfully violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

39.   Defendants willfully violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by Defendants to a consumer reporting agency.

40.   Defendants willfully violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

41.   Defendants willfully violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendants' account was inaccurate, incomplete, false, and misleading.

42.   As a result of Defendants' acts and omissions, the Plaintiff has suffered actual and compensatory damages.  The Plaintiff has suffered damage to his credit reputation, mental anxiety, physical sickness, emotional suffering, worry, humiliation and mental distress.  In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.  Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.

## **COUNT THREE**
Fair Debt Collection Practices Act

43.   The Plaintiff adopts the averments and allegations of paragraphs 9 through 42

hereinbefore as if fully set forth herein.

44.  Defendant Asset has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff and his alleged consumer debts.

45.  Defendant Asset has violated §1692e(8) during the past 12 months by communicating credit information about the Plaintiff which Defendant Asset knew or should have known was false.

46.  Defendant Asset has violated §1692f by using unfair and unconscionable means in an attempt to collect an alleged debt.

47.  In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, Defendant Asset failed to cease collection of the debt, or any disputed portion thereof.  Specifically, Defendant Asset continued to report the disputed debt on the Plaintiff's credit reports in an effort to collect the debt.

48.  As a proximate result of Defendant Asset's actions, the Plaintiff was caused to suffer actual damages for damage to his credit and credit reputation, worry, humiliation, fear, loss of sleep, anxiety, nervousness, frustration, physical sickness, physical pain and mental anguish.

## COUNT FOUR
Defamation

49.  The Plaintiff adopts the averments and allegations of paragraphs 9 through 48 hereinbefore as if fully set forth herein.

50. Defendants Chase, WFNNB and GE willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large.

51. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

52. Defendants Chase, WFNNB and GE communicated to Defendant Asset, the national credit reporting agencies, and other third parties, false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

53. Said communications were made to Defendant Asset, to its agents and employees, the national credit reporting agencies, to other third parties and to the public at large.

54. Said communications were false in that Plaintiff was not indebted to Defendants Chase, WFNNB and GE and Plaintiff did not owe any balance on said alleged accounts.

55. At the time said communications were made, Defendants Chase, WFNNB and GE knew, or should have known, the falsity of the communications or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

56. As a result of the intentional communications to third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community

and the public, and/or was subjected to ridicule.

57.     Said communications were oral and written.

58.     As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, held up to public ridicule or shame, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical sickness and pain, and mental anguish for which he claims compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants for the following:

A.     Actual and statutory damages from each Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1).

B.     Punitive damages from each Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from each Defendant pursuant to 15 U.S.C. §1681n(a)(3);

D.     Actual damages for Defendant Asset's violations of the FDCPA;

E.     Statutory damages of $1,000 for Defendant Asset's violations of the FDCPA pursuant to 15 U.S.C. §1692k;

F.     Costs and reasonable attorney's fees for Defendant Asset's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

G.     Compensatory and punitive damages in excess of the jurisdictional

requirements of this Court, from Defendants Chase, WFNNB and GE on

Plaintiff's State law claims in an amount to be determined by a jury; and

H.    For such other and further relief as the Court may deem just and proper.


/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**


/s/ Penny Hays Cauley
Penny Hays Cauley


**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Asset Acceptance LLC
c/o The Corporation Trust Company - Registered Agent
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

Chase Bank USA, N.A.
c/o The Corporation Trust Company - Registered Agent
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL - RESTRICTED DELIVERY

World Financial Network National Bank
c/o Ivan M. Szeftel- President of Retail Credit Services
3100 Easton Square Place
Columbus, OH 43219

GE Capital
c/o Michael A. Neal - Chairman and CEO
260 Long Ridge Rd.
Stamford, CT 06927