IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George E. Clark, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 4:12-cv-02342-TLW |
| ) | |
| Asset Acceptance, LLC, and ) | |
| World Financial Network National Bank, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# **ORDER**

This matter is before the Court for consideration of a Motion to Compel filed by Plaintiff, George E. Clark, Jr. ("plaintiff"), on March 4, 2013 (Doc. #31) seeking an Order compelling Defendant World Financial Network National Bank ("defendant WFNNB") to answer plaintiff's discovery requests. Defendant WFNNB failed to respond to the plaintiff's motion. The deadline for defendant to respond was March 21, 2013.

In his motion, plaintiff moves the Court for an Order compelling defendant WFNNB to produce responses to the Plaintiff's First Request for Production of Documents to defendant WFNNB and Plaintiff's First Interrogatories to defendant WFNNB, which were properly served on the defendant on or about December 14, 2012.[1] (See Doc. #31). Notably, defendant WFNNB has filed no response to plaintiff's Motion to Compel. The record is uncontradicted that the defendant WFNNB failed to respond to the plaintiff's interrogatories and requests for production, and that those discovery requests are still outstanding. (See Doc. #31).

---

[1] A copy of Plaintiff's First Set of Interrogatories to defendant WFNNB is available at Doc. #31-1; a copy of Plaintiff's First Request for Production of Documents to defendant WFNNB at issue is available at Doc. #31-2.

In considering discovery matters, the Court notes that parties to civil litigation are generally allowed broad discovery under the rules, as detailed in Fed. R. of Civ. P. 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

In conducting discovery, the parties to a federal civil lawsuit must comply with the Federal Rules of Civil Procedure, as well as any applicable local court rules. Guided by these principles, the Court considers the Plaintiff's Motion to Compel.

After careful consideration, **IT IS HEREBY ORDERED** that the Plaintiff's Motion to Compel Defendant World Financial Network National Bank's full and complete responses to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents (Doc. #31) is **GRANTED.** Defendant World Financial Network National Bank is directed to respond to the plaintiff's discovery requests within ten (10) days of entry of this Order.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

April 3, 2013
Columbia, South Carolina